NATIONAL INSURANCE COMPANY v. CHARLES STRONG.

1. FAILURE TO INSERT ENTRY OF CASH VALUE OF PROPERTY DOES NOT DEFEAT RECOVERY ON INSURANCE POLICY, WHEN.

A proof of loss made to an insurance company upon a blank form furnished by such company is not insufficient for the reason that no entry of the cash

value of the property just previous to .its destruction is made in the column provided for that purpose, where the amount of the loss and the fact that it was total with all the other information which the insured is required to give appear elsewhere in the proof of loss.

2. Sufficient Magistrate's Certificate of Loss.

Under a clause in an insurance policy which provides that the insured shall, if required, furnish the certificate of a magistrate or notary ·* * * stating that he has examined the circumstances and believes the insured has honestly sustained loss of the amount stated, a certificate of a justice of the peace upon a proof of loss, stating that he has personal knowledge of the building described therein and honestly believes the insured has fully sustained the loss stated, is sufficient.

Error to the court of common pleas of Wood county.

Stephens & Lincoln and D. R. Jones, for plaintiff in error.

Chas. H. Stephens, for plaintiff in error:

The furnishing of proof of loss in accordance with the terms and requirements of the policy is a condition precedent to the right to sue, whether the loss be partial or total. Home Ins. Co. v. Lindsey, 26 Ohio St. 348; Farmers' Ins. Co. v. Frick, 29 Ohio St. 466; Moody v. Insurance Co. 52 Ohio St. 12 [38 N. E. Rep. 1011; 26 L. R. A. 313]; Eureka F. & M. Ins. Co. v. Baldwin, 62 Ohio St. 368 [57 N. E. Rep. 57]; Shapiro v. Insurance Co. 53 N. W. Rep. 463 [51 Minn. 239]; Underwood v. Joint Stock Co. 57 N. Y. 500, 502; Armstrong v. Insurance Co. 130 N. Y. 560, 565 [29 N. E. Rep. 991]; Peabody v. Satterlee, 166 N. Y. 174 [59 N. E. Rep. 818]; 2 May, Insurance (4 ed.) Sec. 466·; Aetna Ins. Co. v. Bank, 62 Fed. Rep. 222 [10 C. C. A. 342, 346; 8 U. S. App. 554]; Ostrander, Fire Insurance (2 ed.) Sec. 233; Lane v. Insurance Co. 52 N. W. Rep. 649 [50 Minn. 227; 17 L. R. A. 197]; Johnson v. Insurance Co. 112 Mass. 49, 51, 52, and cases there cited; Kelly v. Sun Fire Office, 141 Pa. St. 10, 21 [21 Atl. Rep. 447], and cases there cited.

Sufficiency of proofs. Hamilton v. Insurance Co. 6 O. F. D. 587 [136 U. S. 242, 255; 10 Sup. Ct. Rep. 945]; Bryant v. Insurance Co. 55 Ohio St. 690 [48 N. E. Rep. 1110]; Hamilton v. Insurance Co. 4 Dec. 407 (29 Bull. 209).

James O. Troup, for defendant in error:

As to the sufficiency of the proof of loss. Queen Ins. Co. v. Leslie, 47 Ohio St. 409, 415 [24 N. E. Rep. 1072; 9 L. R. A. 45]; Springfield F. & M. Ins. Co. v. Hull, 51 Ohio St. 270, 287 [37 N. E. Rep. 1116; 25 L. R. A. 37].

Total loss. Phœnix Ins. Co. v. Fish Co. 7 Circ. Dec. 468 (14 R. 160); Pennsylvania Ins. Co. v. Brackett, 63 Ohio St. 41 [57 N. E. Rep. 962]; Joyce, Insurance Sec. 3125.

**PARKER, J.** (Orally.)

In the court below Charles Strong brought suit against The National Insurance Company to recover on account of an alleged total loss by fire of a building covered by a policy of $1,200, issued to him by said company.

The petition set forth a copy of the policy, alleged the loss, and compliance by plaintiff with all the conditions of the policy on his part. The answer denied that the loss was total, and averred that plaintiff had failed in several respects to comply with certain conditions of the policy as to furnishing proof of loss. These alleged shortcomings and defects in the proof of loss constitute the chief ground of contention, and will be hereafter referred to somewhat in detail. The insured recovered as for a total loss. The insurance company prosecutes error to obtain a reversal of the judgment and a setting aside of the verdict of the jury. The record discloses objections and exceptions during the progress of the trial upon the admission and rejection of evidence, which we have examined into, but as these matters have not been much discussed in oral argument or in briefs of counsel for plaintiff in error, and do not seem to be much relied on, we simply announce that we find no material error therein prejudicial to the company.

By answers to interrogatories submitted at the instance of the company the jury stated that the loss was total, and that there was no evidence to show that any part of the walls were left standing after the fire which were used without change and incorporated into the new building erected on the site of the building destroyed by fire. We cannot find that these conclusions are against the weight of the evidence.

The objections urged against the proof of loss were raised and presented by a motion to direct a verdict, request to charge, and exception to the charge, so that if the contention of the company is well grounded the questions are made and saved in due form. The policy provides that the amount of loss "shall be payable sixty days after due notice, ascertainment, estimate and satisfactory proof of loss have been received by this company in accordance with the terms of this policy." Also that, "if fire occur, the insured shall give immediate notice of any loss thereof in writing to this company, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, make a complete inventory of the same, stating the quantity and cost of each article and the amount claimed thereon; and, within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to the company, signed and sworn to by said insured, stating the knowledge and belief of the insured

as to the time and origin of the fire; the interest of the insured and of all others in the property; the cash value of each item thereof and the amount of loss thereon, * * * and shall also, if required, furnish a certificate of the magistrate or notary public (not interested in the claim as a creditor or otherwise, nor related to the insured) living nearest the place of fire, stating that he has examined the circumstances and believes the insured has honestly sustained loss to the amount that such magistrate or notary shall certify." Also, "the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by this company." Also, "No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire." Also the provision that "This policy is made and accepted subject to the foregoing stipulations and conditions," etc. The policy contains many other stipulations and conditions usual in fire insurance policies, but the few above quoted are all that seem to be involved in this controversy. There was much correspondence between the insured and the company relative to proof of loss transmitted by the former to the latter, but as none of this resulted in any modification of the contract or waiver by either party of the terms, we need not dwell upon this phase of the dispute. Certain proofs were submitted, and upon them the insured rests his claim, and upon the alleged insufficiency of these, the company rests this branch of its defense. The company, in its answer, avers that the proof of loss furnished was insufficient in that (1) it did not set forth the cash value of each item insured, nor (2) the amount of loss thereon, nor (3) did the certificate of the magistrate furnished by the insured state that he had examined the circumstances of the fire, nor (4) did he set forth in his sworn proof of loss the "sound value" immediately preceding the fire of the property destroyed, but he amended the same by inserting said "sound value" after he had sworn to his proof of loss, and he did not thereafter reverify the same. The policy insures the insured in the sum of $1,200 upon a store building. The proof of loss sets forth that the loss upon the "first item" is total. There is but one item in the policy. The form of the statement of the value and the amount of the loss, in the proof of loss as submitted on a blank furnished by the company, was as follows:

"The actual cash value of each specific subject thus situated and described by the aforesaid policy at the time of loss, and the actual loss and

National Ins. Co. v. Strong.

damage by said fire to the same, as shown by annexed schedule, and for which claim is hereby made were as follows:

|  | Sound value. | Total loss. | Total insurance. | Amount named in policy. | Claimed under policy. |
|---|---|---|---|---|---|
| First item of policy.. | None unless it should be brick ......... | $2,000 | $1,700 | $1,200 | $1,200 |

These columns are extended for additional items. It seems that the company designed the first column in the schedule marked "Sound value" for the insertion by the insured of the "cash value" mentioned in the part of the policy quoted, and that it understood that to mean the cash value *immediately preceding* the fire, whereas, the insured in making out the proofs, understood this to refer to the cash value *after* the fire, and so he inserted the words "None unless it should be the brick." Afterwards, this was amended by the insured, by the insertion in the blank of the words, "The west half of above brick block 43 x 62 ft. was worth immediately preceding the fire not less than twenty-one hundred dollars," and the proof of loss thus amended was again submitted to the company. The objection to the first statement is, that it does not give the cash value at all, and the objection to the second statement is that it was not verified. That such statement is material or requisite, in view of Sec. 3643 Rev. Stat., and the averments in the answer that defendant has never "denied liability to the plaintiff except on the ground that he had failed to furnish proper proof of loss in accordance with the terms and conditions of the policy," and the absence therefrom of any charge of fraud or change increasing the risk, is not clear, but we do not find it necessary to pass upon that point. Neither the policy nor the form for making proofs of loss are entirely clear as to the meaning of this "cash value," or "sound value." Assuming, however, that it means the "cash value" or "sound value" immediately preceding the fire, and that, therefore, the answer "none," etc., was wrong, and failed to give the information sought, yet it was not misleading or in anyway harmful to the company, and if the information sought, and that the insured was bound to give, was otherwise given in the proof of loss, that was sufficient, and the subsequent amendment was unnecessary.

Was such information given in the unamended proof of loss? It seems to us that it is clearly and distinctly stated therein that the "sound value" or "cash value" before the fire was at least $2,000. The statement is that the loss was total, and that it amounted to $2,000. This could not be true unless the sound value just before the fire was as much as $2,000.

As to this "item," when these statements were made, there was no need of any filling in of the column as to "sound value." Lycoming Co. Mut. Ins. Co. v. Schollenberger, 44 Pa. St. 259. The statement that this property was "destroyed" (the words "or damaged as hereinafter set forth in detail" being striken out) occurred in another place in these proofs of loss; and in the more informal proof previously submitted it is stated that the property was "totally destroyed" and the insured suffered "a total loss." We hold that the unamended proofs of loss were sufficient in this respect, and therefore will not discuss the debated question of the effectiveness of the amendment, the whole of the material facts touching which amendment have not been stated by us. .

The fifth objection falls to the ground with the disposition of the first. The second objection that the proofs do not state the total loss on each item appears to be entirely unfounded. The statement is that the loss was $2,000, and that $1,200 is claimed under this policy.

As to the fourth objection. The certificate of the magistrate is endorsed on the back of the proof of loss, and is as follows:

"I, the undersigned, a justice of the peace of Montgomery township, Wood county, Ohio, having examined this proof of loss signed by Chas. S. Strong, of Freeport, Wood county, Ohio, and having personal knowledge of the building described herein, I honestly believe that said Chas. S. Strong has sustained fully the loss acknowledged by him before J. M. Goodrick, Notary Public, Feby. 12, 1900.

"Frank Fike, justice peace in and for
"Montgomery township, Wood county, Ohio.
"2/12, 1900."

The proof of loss was verified by being sworn to before the notary public named. The record discloses that Justice Fike was duly qualified by being the nearest disinterested magistrate. But the company insist that this certificate does not set forth that the magistrate has "examined the circumstances" as required by the policy. Just how he shall proceed and to what extent in "examining the circumstances," the policy does not specify. Whether by viewing the site of the destroyed building and examining the evidence thus afforded (which ordinarily would not furnish much information as to the origin of the fire), or by taking the testimony of such witnesses as may be available, or by taking the unsupported statements of the insured, if deemed credible, the policy is silent. . He is to certify that he has "examined the circumstances" and that he believes the insured has honestly sustained a loss of an amount stated. He is to make such examination as satisfies him and makes him willing to certify as an officer that the loss was honestly sustained and was of a certain amount.

The magistrate having reached his belief by such examination of. the circumstances as was involved in examining a clear and particular statement of all the circumstances of the fire made by the insured under oath, in connection with his own personal knowledge of the building, and having so certified, that complied with the requirements of the policy.

The certificate is informal also in that it fails .to set forth in the terms used in the policy that the magistrate believes that the loss was honestly sustained; but the adoption and endorsement of the statements of the insured in his proof of loss as to the origin of the fire is equivalent to the statement that the loss was honestly sustained.

This disposes of the points especially urged upon our attention. We find no error in the record requiring a reversal of the judgment, and it is hereby affirmed.